```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BECKLEY DIVISION
```

**CHARTER COMMUNICATIONS VI, LLC,**
d/b/a **CHARTER COMMUNICATIONS, et al.**

    **Plaintiffs,**

**v.**                                                **Civil Action No. 5:04-1204**

**MELVIN ELEAZER, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

This is a breach of contract case between Charter Communications, a cable provider, and a television station and an official associated with its operation, Melvin Eleazer. Pending before the court is defendant Eleazer's motion to dismiss (Doc. No. 55). For the reasons outlined below, defendant's motion to dismiss (Doc. No. 55) is hereby DENIED.

### I.  Factual Background

In November 2004, plaintiffs Charter Communications VI, LLC, and Interlink Communications Partners, LLC, both doing business as Charter Communications ("Charter"), filed suit against WDRL-TV and Melvin Eleazer for breach of written contract. Specifically, Charter claimed indemnification under an Out-of-Market Retransmission Consent Agreement executed by Charter and WDRL-TV, Inc. (hereinafter "the Agreement"). The Contract was signed by "Karen Broach GM/VP of Operations" for Charter and "Melvin Eleazer President/Owner WDRL-TV, Inc."

Plaintiffs allege that under the Agreement, defendants agreed to indemnify them against any copyright fees associated with carriage of WDRL-TV's broadcast on Charter's Beckley system. (Compl. ¶ 14.) Plaintiffs aver that Charter has incurred and paid copyright fees associated with carriage of the station, and defendants have failed to indemnify them for these fees. (Id. ¶¶ 17-19, 25-26.) As such, plaintiffs have filed this diversity action in this court alleging breach of the Agreement.

## II.  Analysis

**A.  Whether Plaintiffs Adequately Alleged Diversity Jurisdiction**

Defendant Eleazer's first motion to dismiss is under Rule 12(b)(1) alleging that plaintiffs failed to establish diversity jurisdiction. In it, defendant notes that plaintiffs, both limited liability corporations, have not adequately alleged the citizenship of their members. (See Doc. No. 56 at 1.) Defendant notes that Charter has "completely failed to allege the citizenship of its members" and, as it is the plaintiff's burden to do so, this case must be dismissed. (Id. at 2.)

In their response, plaintiffs note that the Complaint indicates that "Plaintiffs are citizens of the states of Delaware and Missouri. Defendants are citizens of the Commonwealth of Virginia." (Doc. No. 67-1 at 5.) Further, plaintiffs note that when defendant first submitted his motion to dismiss, plaintiffs submitted the declaration of Christine Nuccio, a corporate

paralegal with Charter, in which Charter identifies the citizenship of each plaintiff LLC. (Id. (discussing Doc. No. 19, Ex. 2)). The Nuccio declaration establishes the plaintiffs' citizenship; it is clear these parties are diverse.

Given that plaintiffs have provided the information defendant seeks in his motion to dismiss, and because defendant has cited no authority for the proposition that the court is compelled to grant a motion to dismiss in these circumstance, the court hereby DENIES defendant Eleazer's motion to dismiss under Rule 12(b)(1).

**B. Personal Jurisdiction over Defendant Eleazer**

When a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, plaintiff need only make a prima facie showing of personal jurisdiction. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). In deciding whether plaintiff has made the requisite showing, the court must resolve all disputed facts and reasonable inferences in plaintiff's favor. Id. Although the burden of proving personal jurisdiction rests with plaintiff, see McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936), mere allegations of personal jurisdiction are sufficient to make the required prima

facie showing. <u>Dowless v. Warren-Rupp Houdailles, Inc.</u>, 800 F.2d 1305, 1307 (4th Cir. 1986).

In his motion to dismiss, defendant asserts that there is no personal jurisdiction over defendant Eleazer because he is not a party to the contract between WDRL-TV, Inc. and Charter. (<u>See</u> Doc. No. 56 at 2.) Defendant notes that his name is not mentioned in the agreement excepting where his signature appears as "President/Owner WDRL-TV, Inc." (<u>Id.</u>) Because Eleazer is not mentioned in the agreement, he asserts that the contract does not provide a sufficient basis to establish jurisdiction over him. (<u>Id.</u>)

In their response, plaintiffs allege that defendant's argument that the contract does not bind him is meritless because plaintiffs allege Eleazer is party to the agreement between WDRL-TV, Inc. and Charter. (Doc. No. 67-1 at 5.) Plaintiffs note that the complaint alleges both that he is a party to the Agreement and also because WDRL-TV, Inc. is his alter ego. (<u>Id.</u> (discussing Compl. ¶¶ 4, 12, 14, 19-20, 23-25)).[1] Plaintiffs note that, based on the standards under which the Fourth Circuit

---

[1] Further, plaintiffs note that they have provided support for their averment that WDRL-TV, Inc. is Eleazer's alter ego. (<u>See</u> Doc. No. 67-1 at 6.) The Complaint contains allegations that "the Station is licensed to Danville, Virginia . . . . "; that the "Station holds the appropriate FCC licenses and is legally qualified . . . to carry out all of the transactions contemplated hereby . . . . " and that only Eleazer as the FCC licensee has the authority to commit to these actions. (<u>See</u> <u>id.</u> at 6-7.)

-4-

has provided regarding summary judgment, defendant Eleazer is not permitted to support his motion to dismiss by raising disputed facts. (Id.)

Further, plaintiffs indicate that Eleazer's arguments that he is not subject to personal jurisdiction in West Virginia courts is also frivolous. (See id. at 7.) In the Complaint, plaintiffs allege that Eleazer has contracted to deliver services in West Virginia by delivering a television signal to plaintiffs in West Virginia. (Id. (discussing Compl. ¶¶ 3-6).) Additionally, as discovery is complete, plaintiffs note a number of additional facts supporting the notion that personal jurisdiction is proper. These include:

    (1) Eleazer sought carriage on Charter systems in West Virginia in order to reach viewers in the Beckley, West Virginia, area;

    (2) Eleazer initiated discussions with plaintiffs about the retransmissions at issue in this case by telephoning and writing a Charter employee in her West Virginia office;

    (3) Eleazer had considerable correspondence with a second Charter employee located in West Virginia;

    (4) Eleazer traveled to West Virginia and met with Charter employees at their Beckley head-end, where he installed satellite equipment that was ultimately used to retransmit WDRL's signal to West Virginia subscribers.

(See id. at 8-9.) A court is allowed to consider such matters without converting a motion to dismiss into a motion for summary judgment. See Kansas City Life Ins. Co. v. Citicorp Acceptance

Co., 721 F. Supp. 106, 107 (S.D. W. Va. 1989) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

It is clear that under federal law, the status of a defendant as an employee of a corporation alleged to have acted improperly does not shield him from personal jurisdiction.  See Calder v. Jones, 465 U.S. 783, 790 (1984); see also ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 177 (4th Cir. 2002).  Rather, "[e]ach defendant's contacts with the forum State must be assessed individually."  Calder, 465 U.S. at 790.  In the Fourth Circuit, to the extent that a forum state's long-arm statute is "coextensive with the full reach of due process," fiduciary shield documents like the one alleged by Eleazer are unavailable. See Pittsburg Terminal Corp. v. Mid-Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987).  As West Virginia's long-arm statute, found at W. Va. Code § 56-3-33, is co-extensive with the full range of due process, insofar as defendant Eleazer purports to be protected by a fiduciary shield, such argument fails.  "[T]he controlling issue is simply whether the non-resident defendant, whatever role he may have occupied, had . . . 'minimum contacts.'"  Columbia Briargate Co. v. First Nat'l Bank of Dallas, 713 F.2d 1052, 1064 (4th Cir. 1983).

In Burger King Corporation v. Rudzewicz, 471 U.S. 462, 474 (1985), the Supreme Court stated that a defendant's contact with a forum state must be "purposeful" in order to support personal

jurisdiction.  This requirement rests on the basic premise that traditional notions of fair play and substantial justice are offended by requiring a non-resident to defend himself in a form where the non-resident never purposefully availed himself of the privilege of conducting activities in the forum, and in doing so, invoked the benefits of the forum and the protections of its laws.  See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

   Here, plaintiffs allege that defendant, although resident in Virginia, contacted them in West Virginia in order to get carriage for his television station on their cable system.  Plaintiffs allege that defendant signed a contract with them which allowed his television station to be carried in West Virginia.  Plaintiffs allege that defendant came into the State of West Virginia and performed work here.  Given these allegations and the standard of review applicable to this motion, the court is compelled to conclude that, regarding this transaction, the requirements for personal jurisdiction are satisfied.  Given the terms and language of the contract, Eleazer should reasonably have anticipated being called into court in West Virginia.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  As such, his motion to dismiss regarding lack of personal jurisdiction (Doc. No. 55) must be DENIED.

### C. Failure to State a Claim against Eleazer

Defendant Eleazer's third motion to dismiss is under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (See Doc. No. 56 at 3.) Defendant notes that "[e]ven though it is clear that Eleazer did not individually execute the agreement at issue," plaintiff alleges "upon information and belief" that defendant WDRL-TV "is a fictitious name" under which Eleazer "conducts the business of the station." (Id.) Eleazer notes that "the corporate status of WDRL-TV, Inc. has at all times been readily available from the Virginia State Corporation Commission." (Id.)

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6) is to test the sufficiency of the complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Accordingly, a Rule 12(b)(6) motion should not be granted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) challenge requires a court to accept all well-pleaded allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. See Ibarra v. United States, 120

F.3d 472, 473 (1997).  The court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events.  Jaguar Techs., Inc. v. Cable-La, Inc., 229 F. Supp. 2d 453, 455 (D. Md. 2002) (citations omitted).

As plaintiffs note in their response, the Complaint contains both a claim against defendant Eleazer individually as well as one against him as the alter ego of WDRL-TV, Inc.  Plaintiffs also note that the court in Dana v. 313 Freemason, 266 Va. 491, 499, 587 S.E.2d 548, 553 n.4 (2003), itself pierced the corporate veil.  Nothing in this case undermines plaintiffs' claims against defendant Eleazer.  Further, plaintiffs correctly note that defendant Eleazer's reliance on language in Beale v. Kappa Alpha Order, 192 Va. 382, 397, 64 S.E.2d 789, 797 (1951), is misplaced at this stage of litigation because that case has nothing to do with the sufficiency of the complaint.

The court's review of the record and applicable case law leads it to the inescapable conclusion that the Complaint does, in fact, state a cause of action against defendant Eleazer.  As such, defendant Eleazer's motion to dismiss under Rule 12(b)(6) is DENIED.

## III. Conclusion

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 8th day of November, 2005.

                                    ENTER:

                                    David A. Faber
                                    Chief Judge