IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**CHARTER COMMUNICATIONS VI, LLC,**
d/b/a **CHARTER COMMUNICATIONS, et al.**

    **Plaintiffs,**

**v.**                                     Civil Action No. 5:04-1204

**MELVIN ELEAZER, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

    This is a breach of contract case between Charter Communications, a cable provider, in particular cable television programming, over cable systems in the Bluefield-Beckley-Oak Hill area of West Virginia. (Compl. at 1.)  This matter is before the court regarding a motion for summary judgment filed by defendant Melvin Eleazer (Docket No. 58).

    Eleazer moves for summary judgment, arguing that first, he is not a party to the contract at issue in this case; second, by its terms, the contract imposes no responsibility, obligation, or liability on him; and third, Charter's allegations are insufficient as a matter of law to justify piercing WDRL-TV, Inc.'s corporate veil and imposing personal liability on Eleazer as its sole shareholder.  Having reviewed the record and applicable case law, for the reasons outlined below, defendant Eleazer's motion for summary judgment (Docket No. 58) is DENIED.

### I. Factual Background

In November 2004, plaintiffs Charter Communications VI, LLC, and Interlink Communications Partners, LLC, both doing business as Charter Communications ("Charter"), filed suit against WDRL-TV and Melvin Eleazer for breach of written contract. Specifically, Charter claimed indemnification under an Out-of-Market Retransmission Consent Agreement executed by Charter and WDRL-TV, Inc. (hereinafter "the Agreement"). The Contract was signed by "Karen Broach GM/VP of Operations" for Charter and "Melvin Eleazer President/Owner WDRL-TV, Inc."

In its Complaint, Charter seeks contractual indemnification from WDRL-TV, Inc. and Eleazer for certain copyright charges that Charter claims to have incurred by retransmitting the WDRL television signal in West Virginia. Charter alleges that the Agreement requires such indemnification and that they were required under law to pay it for the government.

### II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56.  The moving party has the burden of establishing that there is no genuine issue as to any material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that the plaintiff is entitled to a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 250-51.  Significantly, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Finally, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## III. Analysis

The facts underlying this case are not clear enough to grant defendant Eleazer's motion for summary judgment. There is not enough information in the record regarding many issues as to what happened here. For instance, it not clear that, at the time this contract was entered into by the parties, WDRL-TV, Inc., was existent and envisioned by the parties to be a party to this transaction, properly capitalized, and following required corporate formalities. Because this is not clear, and because it is clear that defendant Eleazer signed the Agreement in some capacity for a party named in the Agreement, it is inappropriate to grant his motion for summary judgment.

Plaintiffs initially alleged, upon information and belief, that WDRL-TV, Inc. did not exist, or if it did exist, was an alter ego for defendant Eleazer. In their memorandum in response to Eleazer's motion for summary judgment, plaintiffs indicate that they claim defendant Eleazer was, in fact, a party to the agreement between them. Plaintiffs' theory is as follows. The Agreement here is between plaintiffs and "the Station." Because defendant Eleazer holds in his own name the license under which WDRL-TV broadcasts under, plaintiffs contend that "it is beyond dispute . . . that the identification of 'the Station'" in the contract must be read to include defendant Eleazer "as the FCC

licensee of the broadcast station WDRL." (See Docket No. 64 at 4 n.2.)

In response to this theory, whether construed as an alter ego theory, as imposing liability on defendant Eleazer directly, or through piercing the corporate veil, defendant Eleazer notes that he is not named as a party to the Agreement between plaintiffs and WDRL-TV, Inc., and that WDRL-TV, Inc. is a legal corporation organized under the laws of the Commonwealth of Virginia. Additionally, he has provided evidence showing that as of June 28, 2004, WDRL-TV, Inc. is a corporation existing in good standing.

At this juncture, it is clear that plaintiffs named defendant Eleazer in the Complaint and that none of plaintiffs' legal theories are foreclosed by the record. All inferences at this stage of litigation must be drawn in favor of the non-moving party. See Diebold, 369 U.S. at 655. It is clear that the name change creating WDRL-TV, Inc. – in contrast to the station WDRL-TV – did not occur until June 28, 2004, and that the parties had executed an Agreement, ostensibly similar to the one included in the record, prior to this date. Similarly, plaintiffs' suggestion that "Station" may read as inclusive of defendant Eleazer is also plausible. Without further evidence as to this timing of the Agreement and the corporate status of the parties, it is impossible for the court to determine what happened without

resorting to sheer speculation.  Given that this is the case, defendant Eleazer's motion for summary judgment (Docket No. 58) must be denied.

The Clerk is directed to send copies of this Memorandum Opinion to all counsel of record.

IT IS SO ORDERED this 1st day of December, 2005.

                            ENTER:

                            *David A. Faber* (signature)
                            David A. Faber
                            United States District Judge