```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BECKLEY DIVISION
```

**CHARTER COMMUNICATIONS VI, LLC,**
d/b/a **CHARTER COMMUNICATIONS, et al.**

    **Plaintiffs,**

v.                                              Civil Action No. 5:04-1204

**MELVIN ELEAZER, et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before this court is plaintiff's motion to lift the stay as to defendant Melvin Eleazer and for a status conference. (Doc. No. 115.)  For reasons discussed below, plaintiffs' motion is GRANTED.

### I.  Background

Melvin Eleazer holds FCC licenses for WDRL-TV.  (Doc. No. 52-3, Eleazer Dep. at 33.)  Charter provides cable service in the Beckley-Bluefield area.  The parties entered into an Out of Market Retransmission Consent Agreement ("Agreement"), which authorized Charter to retransmit WDRL-TV's signal over Charter's cable system.  (Doc. No. 1 Ex. A.)  In November 2004, Charter filed a complaint against WDRL and Melvin Eleazer for breach of that contract.  Specifically, Charter claimed a right to indemnification for copyright liabilities ($274,376.45) paid to the U.S. Copyright Office under the Agreement.  The Agreement was signed by "Karen Broach GM/VP of Operations" for Charter and

"Melvin Eleazer President/Owner WDRL-TV, Inc." (Doc. No. 1 Ex. A at 1.)

This court determined that the Agreement requires that the WDRL station indemnify Charter for certain copyright charges and to pay Charter attorneys' fees for this action. Only two issues remained for trial: (1) whether Melvin Eleazer is personally liable as a party to the Agreement and (2) whether the corporate veil of WDRL-TV should be pierced to hold Melvin Eleazer personally liable. Trial was scheduled to begin on July 12, 2006.

However, on July 13, 2006, WDRL-TV filed a Suggestion of Bankruptcy. (Doc. No. 113.) As a result, this court entered an order staying the case pursuant to 11 U.S.C. § 362(a)(1) pending further action by the bankruptcy court. (Doc. No. 114.)

On July 26, 2006, Charter filed a motion to lift the stay as to defendant Melvin Eleazer. (Doc. No. 115.) Charter argues that the automatic stay only applies to defendant WDRL-TV and does not bar action against Eleazer in his individual capacity. (Id. at 3.)

On August 4, 2006, defendants' attorneys filed a motion to withdraw as counsel. (Doc. Nos. 117 & 118.) The attorneys stated that defendants had not compensated them for their legal services and that WDRL-TV listed their law firm as a creditor in its bankruptcy petition. (Doc. No. 117 at 2.) This court

granted the attorneys' motion to withdraw as counsel. (Doc. No. 121.) The court ordered Eleazer to provide the court with the identity of his new attorney by September 5, 2006 so that the court could set a briefing schedule on plaintiffs' motion to lift the stay. (<u>Id.</u>) Eleazer did not comply with this order, and there was no case activity until February 2007. (<u>See</u> Doc. No. 122.)

On March 22, 2007, a telephone conference was held in this case. During the conference, it was determined that Howard Beck would represent Mr. Eleazer and that Charles Jones would serve as local counsel for Mr. Beck. Additionally, the court ordered Mr. Beck and Mr. Jones to respond to plaintiffs' motion to lift the stay by March 29, 2007. Plaintiffs' counsel waived their right to file a reply memorandum. (<u>See</u> Doc. No. 128.)

On March 23, 2007, Mr. Beck and Mr. Jones entered an appearance on behalf of Eleazer (Doc. No. 129), and on March 29, Eleazer timely filed his response memorandum (Doc. No. 130). As such, plaintiffs' motion to lift the stay is ripe for adjudication.

## II. Legal Analysis

The automatic stay provision of the Bankruptcy Code bars:

> the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that

3

>     arose before the commencement of the case
>     under this title

11 U.S.C. § 362(a)(1). The Fourth Circuit has held that the automatic stay protects only "the debtor, not third party defendants or co-defendants." A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986); see also Credit Alliance Corp. v. Williams, 851 F.2d 119 (4th Cir. 1980; Kreisler v. Goldberg, 478 F.3d 209 (4th Cir. 2007).

However, courts may extend the automatic stay to non-debtor third parties in "unusual circumstances." See Robins, 788 F.2d at 999. An unusual circumstance "arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Id. "An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." Id. Another situation would be "where proceedings against non-debtor co-defendants would reduce or diminish the property of the debtor [such as the debtor's insurance fund or pool] to the detriment of the debtor's creditors as a whole." Credit Alliance Corp. 851 F.2d at 121 (internal quotation marks omitted).

Eleazer is a co-defendant of WDRL-TV, the debtor, and as such, he is not protected by the automatic stay in § 362(a). See

4

Robins, 788 F.2d at 999.  Under plaintiffs' theory, Eleazer entered into the Agreement in his individual capacity and not in his capacity as President of WDRL-TV.[1]  (Doc. No. 51 at 8.)  Continuation of this action allows plaintiffs to argue that Eleazer is personally liable without creating a risk of judgment against WDRL-TV.  See In re G & L Drywall Inc. v. Hartford Life & Accident Ins. Co., No. 02-1230, 2003 U.S. App. LEXIS 8158, at *6 (4th Cir. Apr. 30, 2003) (unpublished opinion).

In addition, defendants have produced no evidence suggesting that Eleazer is entitled to absolute indemnity by WDRL-TV.  Furthermore, if this court were to impose personal liability against Eleazer, then plaintiffs could collect their judgment directly from Eleazer.  This would in effect preserve assets for WDRL-TV and its creditors.  Therefore, no "unusual circumstances" exist that would justify extending the automatic stay to Eleazer.

Eleazer argues that this court lacks jurisdiction to lift the stay.  (Doc. No. 130 at 2.)  According to Eleazer, § 362(a) prevents this court from lifting the stay as to Eleazer.  (Id.)  However, as discussed above, the automatic stay provision in § 362(a) prevents further proceedings against only WDRL-TV, the debtor, and does not prevent continuation of this case against

---

[1]  To avoid any argument that WDRL-TV may be impacted by this proceeding, plaintiffs are not pursuing their veil piercing theory against Eleazer and are proceeding solely on the basis that Eleazer is personally liable under the Agreement.  (See Doc. No. 115 at 4.)

Eleazer. See Robins, 788 F.2d at 999. Therefore, this court has jurisdiction to lift the stay as to Eleazer (See Doc. No. 114).

### III. Conclusion

For reasons outlined above, this court **GRANTS** plaintiffs' motion to lift the stay as to defendant Eleazer and for a status conference (Doc. No. 115). This court will schedule a status conference at its earliest convenience for the purpose of setting a schedule for the resolution of this claim.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 5th day of April, 2007.

ENTER:

_David A. Faber_
David A. Faber
Chief Judge

6